UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDON JASON POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-419 |
| ) | REEVES/SHIRLEY |
| RAS OF KNOXVILLE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter came before the undersigned on the joint motion of the parties for approval of settlement and dismissal of claims brought by Plaintiff Brandon Jason Potter.

1. Plaintiff is a former employees of the Defendant in this case, RAS of Knoxville, Inc. [Doc. 1-1, ¶5].

2. Plaintiff instituted this action to recover unpaid wages and overtime allegedly owed to him under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). [Doc. 1-1, ¶14] Defendant disputed these claims. [Doc. 3]

3. After extensive written discovery by both sides, review of time records and payroll records, numerous telephone conferences and E-mails between Plaintiff's counsel and Defendant's counsel, the parties were able to negotiate a settlement of this dispute. The parties have filed a Joint Motion for Approval of Settlement attaching their proposed settlement agreement, which they deem to be fair and reasonable.

4. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims of this nature can be settled and released by employees. First, under FLSA § 216(c), employees may settle and release claims under the FLSA if payment of unpaid wages by

the employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. Id.; Rampersad v. Certified Installation, LLC, 2012 U.S. Dist LEXIS 167156, at *2 (E.D. Tenn. 2012) (Lee, Magis.). In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Barajas v. Sealtech, Inc., U.S. Dist. Ct. E.D. Tenn. Case No. 1:13-cv-107 [Doc. 42] Nov. 6, 2014) (quoting Lynn's Food Stores, 679 F.2d at 1354).

5. After reviewing the relevant documents, including the parties' Joint Motion for Approval of Settlement and their proposed settlement agreement, the Court is satisfied that the compromise between the parties is a fair and reasonable resolution of the parties' *bona fide* dispute. The Plaintiff maintains that he was improperly classified as an overtime exempt employee when he was in fact a non-exempt employee. Defendant maintains that Plaintiff was properly classified as an exempt employee and was not owed overtime. The parties understand

that their legal counsel would have expended large amounts of time litigating over the facts regarding Plaintiff's status and the outcome of this case was uncertain.

6. Based upon the parties' representations, the Court finds that the parties are engaged in a *bona fide* dispute. The Court further finds that, given the legal and factual strengths and weaknesses of each of the parties' respective positions, the proposed settlement in this matter represents a fair and reasonable resolution of the parties' disputes. The Court notes that the parties have reached a separate agreement as to payment of reasonable attorney fees and expenses. As to Plaintiff's proposed attorney fees, the Court finds that said fees are reasonable. The Defendant agrees to pay the Plaintiff $13,335.06 in attorney fees and expenses in this case and does not dispute the reasonableness of said fees and expenses.

WHEREFORE, based upon the foregoing, the Court finds that the parties' proposed settlement, as memorialized in their proposed settlement agreement, is a fair and reasonable resolution of a bona fide dispute under the FLSA. The negotiations that resulted in a settlement were held at arms' length with the parties being represented by reputable counsel. After considering all the facts and circumstances as reflected in the document provided, the Court has no reservations about approving this settlement.

Accordingly, the proposed settlement, as contained in the parties' settlement agreements, is APPROVED; IT IS ORDERED that the claims of Plaintiff Brandon Jason Potter in this action are dismissed with prejudice; and IT IS ORDERED that this action is dismissed with prejudice.

_____
**UNITED STATES DISTRICT JUDGE**